UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20464-BLOOM/TORRES

UNITED STATES OF AMERICA

vs.

VICTOR MANUEL ROCHA,

　　　　　　　　　　　　Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Victor Manuel Rocha (the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment. Count 1 charges the defendant with conspiring to commit an offense against the United States, specifically a violation of Title 18, United States Code, Section 951, and with conspiring to defraud the United States, all in violation of Title 18, United States Code, Section 371. Count 2 charges the defendant with acting as an agent of a foreign government without notice as required by law, in violation of Title 18, United States Code, Section 951.

2. The defendant understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to 3 years; and as to Count 2, the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to 3 years. These sentences of imprisonment may run consecutively, for a total maximum sentence of 15 years imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 on each of Count 1 and Count 2, for a maximum total fine of $500,000. The defendant further understands and acknowledges that a special assessment in the

amount of $100 as to each of Counts 1 and 2 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

       3.      Pursuant to Federal Rule of Criminal Procedure 11(c)(l)(C), the United States and the defendant agree that the following sentence is the appropriate disposition of this case: As to Count 1, the parties jointly agree that the Court will sentence the defendant to the statutory maximum term of five years' imprisonment, along with the statutory maximum fine of $250,000. As to Count 2, the parties jointly agree that the Court will sentence the defendant to the statutory maximum term of ten years' imprisonment, along with the statutory maximum fine of $250,000. The parties further agree that the terms of imprisonment on Counts 1 and 2 shall run consecutively, with a ten-year term of imprisonment on Count 2 to be followed consecutively by a five-year term of imprisonment on Count 1, for a total of 15 years' imprisonment. In addition, the parties jointly agree that the defendant shall be placed on supervised release for a term of three years and pay a total fine of $500,000. The United States and the defendant agree that this is a substantively reasonable sentence in this case, taking into account the factors set forth in Title 18 United States Code, Section 3553. The parties further agree that, under the advisory Federal Sentencing Guidelines and Policy Statements, there is no applicable guideline for the charges in Counts 1 and 2.

       4.      The defendant agrees to forego and relinquish any and all payments and benefits due to him from the United States by virtue of his past employment with the United States Department of State (DOS), including but not limited to any income, annuity, pension payments, or retirement benefits. The defendant further agrees that the United States may take all necessary steps to enforce this provision, and that he will not seek to oppose or obstruct any of those efforts, and waives all challenges to them.

5.   The defendant understands and acknowledges his continuing legal obligation to refrain from the unauthorized oral or written disclosure of information belonging to the United States Government or acquired by virtue of his United States Government employment or derived from the activities which resulted in his arrest. The defendant further understands and acknowledges that, in connection with his employment by the DOS, he entered into certain agreements proscribing the unauthorized disclosure of classified information, confidential information, and other information acquired as a part of his performance of his official duties or acquired from the files of the intelligence community. Even though the defendant is no longer a DOS employee, he acknowledges his continuing duties and obligations under these agreements, which are hereby incorporated by reference. In addition, notwithstanding any prior agreement, the defendant agrees that he will never disclose to any person or entity, except to persons or entities specifically authorized by the United States Government, any classified information, any confidential United States Government information (whether or not such information is formally classified), and all other information acquired as part of his employment.

6.   Should the defendant, at any time, author or participate in the creation of any book, writing, article, film, documentary, or other production, or otherwise provide information for purposes of publication or dissemination, including but not limited to information provided through interviews with writers or representatives of any media organization or entity, the defendant hereby agrees to first submit in a timely fashion such book, writing, article, film, documentary, or other production, or information, to the Federal Bureau of Investigation (FBI) and the DOS for timely pre-publication review and deletion of information which, in the discretion of the FBI and/or DOS, should not be published or disseminated on any grounds, including but not limited to national security interests.

7. The defendant hereby assigns to the United States any profits which he may be entitled to receive in connection with any publication or dissemination of information relating to his person, to his work at the DOS or for any other United States government entity, to his espionage and other activities related to his acting as an agent of a foreign government, to the facts and circumstances leading to his arrest and conviction, or acquired from DOS, FBI, or intelligence community files. This assignment shall include all profits and proceeds for the benefit of the defendant, regardless of whether such profits and proceeds are payable to himself or to others, directly or indirectly, for his benefit or for the benefit of his associates or a current or future member of his family. The defendant shall not circumvent this assignment by assigning the rights to his story to an associate or to a current or future member of his family, or to another person or entity who would provide some financial benefit to him, to his associates, or to a current or future member of his family. Moreover, the defendant shall not circumvent this assignment by communicating with an associate or a family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether or not such an associate or other family member is personally or directly involved in such dissemination.

8. The defendant shall have no contact with any foreign government or agents thereof, except with the express permission of the FBI, and shall not seek or accept, personally or through another person or entity, any benefit from such foreign government or agent thereof, and should such a benefit be received by the defendant, or some other person or entity on his behalf, he hereby assigns any such benefit to the United States. For purposes of this paragraph, any benefit provided to an associate of the defendant or to a current or future family member which is related to, arises out of, or is in recognition of, his espionage and other activities related to his acting as an agent of a foreign government, is deemed to be a benefit provided to the defendant himself.

9. The defendant agrees he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

10. The defendant agrees that he will notify the DOS and FBI in a timely manner of any contacts he intends to have with any representative of the media in order to ensure that a DOS and/or FBI representative and/or other intelligence community representative is present, unless such presence is explicitly waived by the DOS and FBI, to monitor the information being disseminated and, if necessary, to prevent the unauthorized disclosure of information. Such contacts include, but are not limited to, contacts in person, contacts by electronic means, and contacts via public or private mail carrier. In order to avoid interference with the debriefing process, the defendant agrees that during the debriefing process he will provide no interviews or have any other contact with the media, directly or indirectly.

11. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.

12. If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the defendant agrees to waive any statute-of-limitations defense; and

    c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before, on, or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution of federal law.

13. The defendant understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. The defendant agrees to forego the right to any further discovery or disclosures of information not

already provided at the time of the entry of his guilty plea. The defendant understands that the Fifth Amendment to the Constitution of the United States protects him from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, the defendant knowingly and voluntarily waives or gives up his right against self-incrimination.

14. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

15. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

16. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

17. In exchange for the defendant's agreement to plead guilty to Counts 1 and 2 of the Indictment, and his agreement to all his other obligations and requirements set forth in this plea agreement, the Government agrees to dismiss, after sentencing, the remaining counts of the Indictment. The Government further agrees not to oppose any reasonable requests by the defendant for recommendations from the Court regarding his confinement facility designation by the Bureau of Prisons, although the parties acknowledge and understand that neither the Court nor the parties can bind the Bureau of Prisons in such designations.

18. The parties agree that the defendant remains liable for restitution, if any, that is due in connection with his charges of conviction, specifically Counts 1 and 2 of the Indictment, pursuant to the Mandatory Victims Restitution Act.

19. The parties agree that neither this agreement nor any other applicable statute of limitations precludes the government from initiating civil denaturalization proceedings and from relying on any admission in this matter in such proceeding.

[This space left intentionally blank.]

20. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 4/12/24    By: _____
JONATHAN D. STRATTON
ASSISTANT UNITED STATES ATTORNEY

Date: 4/12/24    By: _____
JOHN C. SHIPLEY
AUSA, SENIOR COUNSEL

Date: 4/12/24    By: _____
JACQUELINE M. ARANGO
ATTORNEY FOR DEFENDANT

Date: 4/12/24    By: _____
VICTOR MANUEL ROCHA
DEFENDANT

Date: 4/12/24    By: _____
HEATHER M. SCHMIDT
SENIOR TRIAL ATTORNEY
NATIONAL SECURITY DIVISION

Date: 4/12/24    By: _____
CHRISTINE A. BONOMO
TRIAL ATTORNEY
NATIONAL SECURITY DIVISION